

**THE ATTORNEY GENERAL**

**OF TEXAS**

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

February 21, 1947

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas                    Opinion No. V-36

Re: Liability for the
one (1) per cent
Motor Vehicle Re-
tail Sales Tax
levied by Art. 7047k,
V.A.C.S., where motor
vehicles owned by a
partnership are trans-
ferred to the corpora-
tion.

Dear Sir:

You have requested the opinion of this Depart-
ment on the above-captioned question based upon the fol-
lowing factual situations:

(1) W. B. Kline and his wife as partners have
formed a corporation known as Pridgen-Kline Company, Inc.
with a capital stock of $100,000, of which W. B. Kline
owns 499 shares, his wife Louella P. Kline, owns 499
shares, and W. H. Carruthe and L. O. Jenkins each own one
share, the latter two stockholders not being members of
the former partnership. Motor vehicles formerly owned
by the partnership of a book cost of $25,990.40 and of a
depreciated value of $7,699.22 have been transferred by
the partnership members to the corporation for a consid-
eration paid or exchanged by the corporation of $7,669.22.

(2) In the second situation E. G. Morrison and
F. D. Breedlove, a partnership, have formed a corporation
known as Morrison Bros. Construction Company with a capi-
tal stock of $50,000.00 of which E. G. Morrison owns 74
shares, F. D. Breedlove owns 24 shares, and Mr. Morrison's
wife and Mr. Kline's wife each own one share, the respec-
tive wives not being members of the former partnership.
The partnership owned various motor vehicles of the book
value of $53,607.04 with an original cost value of
$80,075.92. The corporation purchased from the partner-
ship all fixed assets, except real estate for a cash down

payment and a chattel mortgage note for the balance of the book value of the fixed assets.  No stock was issued for the value of any vehicles.

The pertinent parts of Article 7047k, V.A.C.S., being Acts 1941, 47th Legislature, Page 269, Chapter 184, Article VI, are as follows:

"Section 1.(a)  There is hereby levied a tax upon every retail sale of every motor vehicle sold in this State, such tax to be equal to one (1) per cent of the total consideration paid or to be paid to the seller by the buyer, which consideration shall include the amount paid or to be paid for said motor vehicle and all accessories attached thereto at the time of the sale, whether such consideration be in the nature of cash, credit, or exchange of other property, or a combination of these.  In the event the consideration received by the seller includes any tax imposed by the Federal Government, then such Federal tax shall be deducted from such consideration for the purpose of computing the amount of tax levied by this Article upon such retail sale.

"Section 2.  There is hereby levied a use tax upon every motor vehicle purchased at retail sale outside of this State and brought into this State for use upon the public highways thereof by a resident of this State or by firms or corporations domiciled or doing business in this State.  Such tax shall be equal to one (1) per cent of the total consideration paid or to be paid for said vehicle at said retail sale.  The tax shall be the obligation of and be paid by the person, firm, or corporation operating said motor vehicle upon the public highways of this State.

"Section 3.(a)  The term 'sale' or 'sales' as herein used shall include instalment and credit sales, and the exchange of property, as well as the sale thereof for money, every closed transaction constituting a sale.  The transaction whereby the possession of property is transferred but the seller retains title as security for the payment of the price shall be deemed a sale."  (Emphasis ours).

Under each of the foregoing statements of fact, which are based upon information obtained from each of the corporations, there has been a sale as defined in Section 3(a) above, since the motor vehicles in each case were sold to the corporations by the partnerships either for money or by an exchange of property under the wording of the statute and the one (1) per cent tax levied by Section 1(a) of Article 7047k should be paid by each of the partnerships upon the value of the motor vehicles sold to the respective corporations. The amount of taxes to be allocated to each vehicle should be ascertained from the books and records of each of the corporations.

## SUMMARY

Under the given facts, where corporation acquired motor vehicles from partnership for a consideration as defined in Article 7047k, V.A.C.S., the tax as prescribed in said article must be paid by the seller.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By        *C K Richards*

C. K. Richards
Assistant


APPROVED: February 21, 1947

*Price Daniel*

ATTORNEY GENERAL

CKR/lh:jrb